NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY GOLDEN,**
*Plaintiff-Appellant*

v.

**APPLE INC.,**
*Defendant-Appellee*

**AT&T INC., BIG O DODGE CHRYSLER JEEP RAM, FCA US LLC, FAIRWAY FORD LINCOLN OF GREENVILLE, FORD GLOBAL TECHNOLOGIES, LLC, GENERAL MOTORS COMPANY, KEVIN WHITAKER CHEVROLET, LG ELECTRONICS USA INC, MOTOROLA SOLUTIONS, INC., PANASONIC CORPORATION, QUALCOMM, INC., SAMSUNG ELECTRONICS USA, SPRINT CORPORATION, T-MOBILE USA, INC., VERIZON CORPORATE SERVICES GROUP,**
*Defendants*

---

2020-1508

---

Appeal from the United States District Court for the District of South Carolina in No. 6:19-cv-02557-DCC, Judge Donald C. Coggins Jr.

---

Decided: September 3, 2020

───────────────

LARRY GOLDEN, Greenville, SC, pro se.

JOHN FRANKLIN MORROW, JR., Womble Bond Dickinson (US) LLP, Winston-Salem, NC, for defendant-appellee. Also represented by ANA FRIEDMAN.

───────────────

Before PROST, *Chief Judge*, LINN and TARANTO, *Circuit Judges*.

PER CURIAM.

    Larry Golden, pro se plaintiff-appellant, sued fifteen defendants in the District Court for the District of South Carolina, alleging patent infringement by the defendants' development and manufacturing of communicating, monitoring, detecting, and controlling ("CMDC") devices. Magistrate Judge Kevin F. McDonald issued an Order notifying Golden that his complaint was subject to summary dismissal for frivolousness. After Golden amended his complaint, the Magistrate Judge recommended dismissal without prejudice and without service of process because the case was duplicative of parallel proceedings Golden brought against the government in the Court of Federal Claims. Golden objected to the Magistrate Judge's Report and Recommendation, arguing that the present action was not duplicative but was instead a separate action against nongovernmental entities for patent infringement. The district court reviewed the record and adopted the Magistrate Judge's recommendation. Golden appeals. For the reasons that follow, we affirm.

    The district court concluded that because the present case and the earlier case against the government involved the same patents, that was enough to find the action duplicative. Golden argues on appeal that what the district

court failed to appreciate is that while the earlier action asserted unfair acts by the government, the present action allegedly involves the infringing acts of third parties unrelated to any activities of the government. Even if Golden is correct, however, in asserting that the present action is not duplicative and therefore should not have been dismissed on that ground, we "may affirm a judgment of a district court on any ground the law and the record will support so long as that ground would not expand the relief granted." *Glaxo Grp. Ltd. v. TorPharm, Inc.*, 153 F.3d 1366, 1371 (Fed. Cir. 1998). Indeed, we may dismiss a case for lack of jurisdiction where the complaint is "wholly insubstantial and frivolous." *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1373 (Fed. Cir. 2017) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006)).

Allegations of direct infringement are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under this standard, a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, it requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must allege "'enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 556).

Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. Count I of Golden's Amended Complaint, for example, merely states that "at least one of the defendants named in this complaint has infringed at least independent claim 4 & 5 of the '287 patent," Complaint at ¶ 156, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 15, 2019), ECF No. 16-1, followed by generalized statements of infringement by each defendant, *id.* at ¶¶ 157–204, and similar broad infringement allegations for each of Golden's other patents, *id.* at ¶¶ 205–384. The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.

The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and conclusory allegations fail to state a claim for relief." Magistrate Judge Initial Order at 5.

For these reasons, we affirm the district court's dismissal without prejudice and without service of process, not on the basis of duplicity, but on the ground of frivolousness.

**AFFIRMED**

Costs

No costs.